# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RAYMOND SMITH, ET AL. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 09-6522 |
| | * | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE | * | SECTION "B"(4) |
| COMPANY | * | |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (Rec. Doc. No. 5) and Defendant's opposition thereto (Rec. Doc. No. 7). After considering the motion, response, applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Rec. Doc. No. 5) is **DENIED**.

### *BACKGROUND*

This case arises from an auto accident between Plaintiffs and Lindsey Johnson, a non-party to this suit. Plaintiffs were traveling in one of the vehicles involved in the collision, which was owned by Jason Kennedy, Defendant's insured. Plaintiffs are now attempting to recover for medical expenses, pain and suffering, lost wages, and other damages under the underinsurance coverage issued by Defendant.

Plaintiffs contend that their stipulation (Rec. Doc. No. 4) stating that each individual Plaintiff's damages do not exceed $75,000 is sufficient to defeat diversity jurisdiction and require this Court to remand the case to state court. This stipulation was

1

filed contemporaneously with Plaintiffs' Motion to Remand; however, Plaintiffs also stipulated in their Petition for Damages (Rec. Doc. No. 1-3) originally filed in state court that the amount in controversy does not exceed $75,000.

Defendant contends that Plaintiffs' stipulation is insufficient to defeat diversity jurisdiction because it is apparent from the face of Plaintiffs' complaint that the amount in controversy exceeds $75,000. Defendant further argues that Plaintiffs' stipulation does not properly limit their damages to $75,000 each.

*DISCUSSION*

A plaintiff's filing of a stipulation to the effect that the amount in controversy does not exceed $75,000 does not necessarily defeat removal. To determine whether diversity jurisdiction exists for proper removal, the Court must consider the claims made in the state court petition as they existed at the time of removal. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Under Louisiana law, Plaintiffs will not be limited to recovery of the amount pled in the complaint. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009). As such, the Court must look to the "true" amount in controversy. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995). The Fifth Circuit has established the following standard:

> To accommodate the situation when the removal sought is
> from a Louisiana court and subject matter jurisdiction is

grounded in diversity of citizenship, we have modified the usual rule for determining whether the amount in controversy is present. In such Louisiana situations, we permit the party seeking to maintain federal jurisdiction to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. [*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409, 1412 (5th Cir. 1995).] **When the case is one that has been removed from state court, such party may satisfy this burden in either of two ways: (1) by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000** or (2) "by setting forth *the facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." [*Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original); *accord, Manguno*, 276 F.3d at 723; *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).]

*Grant v. Chevron Phillips Chem. Co.* 309 F.3d 864, 868 (5th Cir. 2002) (bold emphasis provided). If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, "[t]he plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Grant,* 309 F.3d at 869 (quoting *De Aguilar*, 47 F.3d at 1412); *see also In re 1994 Exxon Chem. Fire*, 558 F.3d at 388.

In this case, Defendant has shown that it is facially apparent that Plaintiffs' claims exceed $75,000 each. Plaintiffs seek damages for spinal disc injuries that require surgery in addition to pain and suffering and other alleged losses. Such losses cannot be definitively measured without the determination of a fact-

finder; past verdicts in similar cases, however, reflect that damages in this case would certainly exceed $75,000 per plaintiff. *See, e.g., King v. Sewerage & Water Bd.*, 99-CA-0382, p. 2 (La. App. 4 Cir. 11/24/99); 747 So. 2d 200, 201 (awarding plaintiff $150,000 in general damages for a lumbar surgery); *Caillouet v. City of New Orleans,* 2002-CA-0475, p. 4 (La. App. 4 Cir. 11/26/02); 834 So. 2d 521, 525 (awarding plaintiff $200,000 in general damages after undergoing a lumbar discectomy and laminectomy); *Wood v. Subsea Int'l Inc.,* 99-CA-1320, p. 2 (La. App. 4 Cir. 3/29/00); 766 So. 2d 563, 566 (awarding plaintiff $381,778 in general and special damages after undergoing a discectomy and laminectomy at one lumbar disc level).

Furthermore, Plaintiffs have failed to show to a legal certainty that their damages will not exceed $75,000. Although Plaintiffs stipulated in their Petition for Damages that their claims do not exceed $75,000, the Fifth Circuit "has expressed its concern about the possibility of 'abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading.'" *Manguno*, 276 F.3d 720, 724 (5th Cir. 2002) (quoting *De Aguilar,* 47 F.3d at 1410); *see also Grant v. Chevron Phillips Chem. Co.,* 309 F.3d at 868-69. To show "legal certainty," Plaintiffs would have to show

that they are "bound irrevocably" by the stipulation in their complaint limiting their claims to $75,000. *De Aguilar*, 47 F.3d at 1412 n.10; *see also In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303, U.S. 283 (1938)). Because Louisiana law would still allow Plaintiffs to recover in excess of $75,000 despite the stipulation in their Petition for Damages limiting their claims to that amount, *see In re 1994 Exxon Chem. Fire*, 558 F.3d at 388, Plaintiffs have failed to establish the requisite legal certainty to warrant remand here. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Rec. Doc. No. 5) is **DENIED**.

New Orleans, Louisiana, this 9th day of December, 2009.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE