UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


RAYMOND SMITH, ET AL                          CIVIL ACTION

VERSUS                                        NUMBER: 09-6522

STATE FARM MUTUAL AUTOMOBILE                  SECTION: "B"(4)
INSURANCE COMPANY


## ORDER & REASONS

Plaintiffs' second motion to remand, Record Document No. 16, opposed by defendants at Record Document No. 18, is hereby **GRANTED**.

The captioned matter was removed from state court to this court on September 25, 2009, based on defendant's assertion that diversity jurisdiction existed under 28 U. S. C. §1332. Record Document No. 1. Plaintiffs previously moved for remand asserting as basis that their pre-removed state court petition and post-removal affidavits stated the claims did not arise to $75,000. Record Document Nos. 4 & 5. However, those assertions did not affirmatively renounce any right to collect damages in excess of the $75,000 threshold amount for diversity jurisdiction. Accordingly, the motion to remand was denied because Louisiana law would still allow recovery in excess of $75,000. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 1995)(Record Document No. 8).

Plaintiffs attach to the second motion to remand affidavits wherein each plaintiff "affirmatively renounces and waives entitlement to the right to accept or enforce a judgment in excess of $50,000." As a result of those affidavits, we find that plaintiffs have established, as a matter of law, that they are precluded from recovering any damages above $50,000.

Post-removal affidavits or stipulations may be considered only in limited circumstances. If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy as of the date of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) ([w]hen the affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper). When post-removal stipulation or affidavits are utilized solely for the purpose of clarifying a previously ambiguous petition, "the court is still examining the jurisdictional facts as of the time the case is removed, but the court is considering information submitted after removal." *H & D Tire and Automotive-Hardware Inc. v. Pitney Bowes Inc.*, 250 F.3d 302, 306 n. 7 (5th Cir. 2001) (citations omitted). In such instances, consideration of post-removal affidavits does not violate the Supreme Court's decision in *St.*

*Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938).

Once defendant satisfies the burden of demonstrating facts to show the claim is likely worth $75,000, as done in response to the first remand motion, plaintiffs can defeat removal only if they can prove to a legal certainty that their claim is actually for an amount less than $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995); *Davis v. State Farm Fire & Cas. Co.*, Case No. 06-0560, 2006 WL 1581272, at *2 (E.D. La. June 7, 2006). One way that a plaintiff may accomplish this is by filing "a binding stipulation or affidavit with their complaints." *De Aguilar,* 47 F.3d at 1412 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). A stipulation contained in a complaint will be considered binding if it contains an express waiver by the plaintiff of his right to accept or enforce any judgment in excess of the statutory limit. See *Engstrom v. L-3 Commc'ns Gov't Servs.*, Case No. 04-2971, 2004 WL 2984329, at *4 (E.D.La. Dec. 23, 2004). The Fifth Circuit has established the following standard:

> To accommodate the situation when the removal sought is from a Louisiana court and subject matter jurisdiction is grounded in diversity of citizenship, we have modified the usual rule for determining whether the amount in controversy is present. In such Louisiana situations, we permit the party seeking to maintain federal jurisdiction to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. [*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar*

> *v. Boeing Co.*, 47 F.3d 1404, 1409, 1412 (5th Cir. 1995).] **When the case is one that has been removed from state court, such party may satisfy this burden in either of two ways: (1) by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000 or (2) "by setting forth *the facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."** [*Allen v. R & H Oil & Gas Co.*, 63 F. 3d 1326, 1335 (5th Cir. 1995) (emphasis in original); *accord, Manguno,* 276 F.3d at 723; *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).]

*Grant v. Chevron Phillips Chem. Co.* 309 F.3d 864, 868 (5th Cir. 2002) (bold emphasis provided).

Prior to removal, plaintiffs initially clarified the value of their claims as not exceeding $75,000 when their petition was filed in state court. Missing from that clarification was an affirmative renouncement of judgment in excess of that amount. Plaintiffs have provided that binding renouncement and, in doing so, further limit their claims to $50,000. We cannot say under present circumstances that this was an impermissible attempt to reduce those claims solely to compel remand. *Arnold v. State Farm,* 277 F.3d 772, 776 fn. 3 (5th Cir. 2001) (citing *De Aguilar*, 47 F.3d at 1404); *Hammel v. State Farm Fire and Cas. Co.,* 2007 WL 519280 at *5 (E.D.La., 2007). Ambiguity over the amount in controversy was created by the pre-removal petition's allegation that the claims do not exceed $75,000. As noted earlier, defendant successfully demonstrated

facts showing that the claims would likely exceed that amount. Through binding affirmative post-removal affidavits attached to the second remand motion, plaintiffs have met their burden of clarifying with legal certainty that their claims at the date of filing in state court are for less than the diversity jurisdictional amount. Therefore, remand is warranted.

New Orleans, Louisiana, this 2nd day of August, 2010.

 _____
UNITED STATES DISTRICT JUDGE